Joseph R. Taylor (SBN 129933)
jtaylor@fkks.com
Tiffany R. Caterina (SBN 280159)
tcaterina@fkks.com
FRANKFURT KURNIT KLEIN + SELZ PC
2029 Century Park East, Suite 1060
Los Angeles, California 90067
Telephone:   (310) 579-9600
Facsimile:    (310) 579-9650

FRESHFIELDS BRUCKHAUS DERINGER US LLP
Timothy P. Harkness (*pro hac vice forthcoming*)
Timothy.Harkness@freshfields.com
David Y. Livshiz (*pro hac vice forthcoming*)
David.Livshiz@freshfields.com
Paige E. von Mehren (*pro hac vice forthcoming*)
Paige.vonMehren@freshfields.com
601 Lexington Avenue, 31st Floor
New York, New York 10022
Telephone:   (212) 277-4000
Facsimile:    (212) 277- 4001

*Attorneys for Defendant DAZN Media Inc.*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| SANTOS SAUL ALVAREZ BARRAGAN; SA HOLIDAY, INC., <br><br>Plaintiffs, <br><br>v. <br><br>DAZN NORTH AMERICA INC.; DAZN MEDIA INC.; DAZN US LLC; PERFORM INVESTMENT LIMITED; GOLDEN BOY PROMOTIONS, LLC; GOLDEN BOY PROMOTIONS, INC.; OSCAR DE LA HOYA; AND DOES 1-25, <br><br>Defendants. | Case No. 2:20-cv-09277 <br><br>**NOTICE OF REMOVAL OF STATE COURT ACTION** |

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:

PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446, and 9 U.S.C. § 205, Defendant DAZN Media Inc. ("Removing Defendant") hereby removes to this Court the state court action described below:

## BACKGROUND

1. On September 28, 2020, Plaintiffs Santos Saul Alvarez Barragan and SA Holiday, Inc. ("Plaintiffs") filed this civil action in the Superior Court of California, County of Los Angeles ("Superior Court"), captioned *Barragan et al. v. DAZN North America Inc. et al.*, Case No. 20STCV37151. On September 29, 2020, counsel to Plaintiffs emailed a copy of summons and complaint to Defendants' counsel together with a request that each Defendant accept service. Per the California Code of Civil Procedure 415.30(c), service is not "deemed complete" until the "date [on which] a written acknowledgement of receipt of summons is executed [and] returned to the sender." As of today, no Defendant, including the Removing Defendant, has returned a written acknowledgement of the summons. Therefore, no Defendant has yet been served with process, pleadings, and orders. A copy of each of the Complaint, civil cover sheet, summons, and notice and acknowledgement of receipt addressed to Removing Defendant are attached as Exhibit A.

2. The above-captioned action arises out of a three-way dispute between a boxer, Plaintiff Mr. Alvarez; his promoter, Defendants Golden Boy Promotions (and its affiliates) (collectively, "Golden Boy"); and a broadcaster, DAZN (including the Removing Defendant). The parties' relationship is governed by two separate contracts: one between Mr. Alvarez and Golden Boy, governed by the law of the State of Nevada, and one between Golden Boy and DAZN, governed by the law of England and Wales. Each of these contracts contains an arbitration provision requiring the parties' disputes be resolved by arbitration. Declaration of David Y.

Livshiz ("Livshiz Decl.") ¶ 4.  Mr. Alvarez alleges that Golden Boy and DAZN have breached their contractual obligations to Mr. Alvarez, have breached the covenant of good faith and fair dealing with respect to their conduct under their respective contracts, and have tortiously interfered with his contractual or prospective economic relationships.  *See* Exhibit A.

3. The Removing Defendant appears for the purposes of removal only and for no other purpose and reserves all defenses and rights available to it, including, without limitation, any defenses on the basis of service and personal jurisdiction.

**PROCEDURAL REQUIREMENTS FOR REMOVAL**

4. This action is being removed "to the district court of the United States for the district and division embracing the place where such action is pending" under 28 U.S.C. § 1441(a).  The United States District Court for the Central District of California, Western Division embraces Los Angeles County, California.  *See* 28 U.S.C. § 100(1).

5. Removal is timely pursuant to 28 U.S.C. § 1446(b) because this Notice of Removal is being filed less than thirty days after DAZN Media Inc. received a copy of the Complaint.  Removal is also timely under 9 U.S.C. § 205, which provides that removal can be effectuated at any time before trial.  The Superior Court has not set a date for trial.

6. All Defendants consent to the removal of the above-captioned action to federal court.

7. Pursuant to 28 U.S.C. § 1446(d), DAZN Media Inc. will promptly serve a copy of this Notice on counsel for Plaintiffs and will file a copy of this Notice with the Clerk of the Superior Court.

**GROUNDS FOR REMOVAL**

**First Ground for Removal: Federal Question Jurisdiction**

8. This Court has jurisdiction over this action under the Federal Arbitration Act which provides that where, as here, a dispute "relates to an

1  arbitration agreement . . . falling under the [New York] Convention, the defendant
2  or the defendants may, at any time before the trial thereof, remove such action or
3  proceeding to" federal court.  9 U.S.C. § 205; *see also Infuturia Glob. Ltd. v. Sequus*
4  *Pharm., Inc.*, 631 F.3d 1133, 1135, 1137-38 (9th Cir. 2011) (holding an "arbitration
5  agreement . . . falling under the Convention 'relates to' the subject matter of an
6  action whenever it could conceivably affect the outcome of . . . the suit").  Both
7  contracts referenced in the Complaint contain arbitration agreements subject to the
8  New York Convention, and this case is accordingly removable.  *See* 9 U.S.C. § 205;
9  28 U.S.C. § 1331.
10         9.     First, both arbitration agreements fall under the Convention as they
11  have "some connection to foreign entities or international commerce."  *Hawkins v.*
12  *KPMG LLP*, 423 F. Supp. 2d 1038, 1044 (N.D. Cal. 2006).  Mr. Alvarez is a citizen
13  of Mexico.  Compl. ¶ 11.  Perform Investment Limited (which is now known as
14  DAZN Limited) is a citizen of the United Kingdom.  The arbitration agreements are
15  found in contracts that contemplate international commercial relationships and
16  contain broad arbitration clauses.  Livshiz Decl. ¶ 4.  Furthermore, both arbitration
17  agreements are in writing; provide for arbitration in a jurisdiction that is a signatory
18  to the New York Convention; arise "out of a legal relationship . . . that is considered
19  commercial;" and contain "a party… that is not an American citizen."  *Balen v.*
20  *Holland Am. Line Inc.*, 583 F.3d 647, 654-55 (9th Cir. 2009) (quoting *Bautista v.*
21  *Star Cruises*, 396 F.3d 1289, 1294 n.7 (11th Cir. 2005)).  Second, given that the
22  arbitration agreements may "conceivably affect the outcome of . . . the case," the
23  arbitration agreements "relate to" the subject matter of the action.  *Infuturia Glob.*
24  *Ltd. v. Sequus Pharm., Inc.*, 631 F.3d 1133, 1138 (9th Cir. 2011).

**Second Ground for Removal: Diversity Jurisdiction**

26         10.    This Court also has jurisdiction over this action pursuant to 28 U.S.C.
27  § 1332 because the dispute is "between . . . citizens of different States and in which
28  citizens or subjects of a foreign state are additional parties" and the amount in

controversy exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a)(3) and §1441(b). While Removing Defendant disputes Plaintiffs' allegations of wrongdoing and dispute that Plaintiffs are entitled to relief in any amount from any Defendant, the amount in controversy requirement is satisfied because the Complaint seeks relief in excess of $75,000 on its face. *See* 28 U.S.C. § 1332(a).

**A.  The Matter is Between Citizens of Different States and Citizens of Foreign States Are Additional Parties**

11.  This action satisfies the diversity requirement of 28 U.S.C. § 1332(a), because the matter is between citizens of different states and citizens of foreign states, with citizens of the United States on either side of the action. *See Xue Xin Lang v. Zhang Wei Zhi*, No. CV 18-08250 SJO (PJWx), 2019 WL 5149856, at *2 (C.D. Cal. Jan. 8, 2019) ("Pursuant to § 1332(a)(3) [the] presence of aliens on both sides does not defeat diversity when [there are] citizens of [the] United States on both sides who satisfy diversity requirements."); *see also Guan v. Bi*, No. 13-cv-05537-WHO, 2014 U.S. Dist. LEXIS 29961, at *13 (N.D. Cal. Mar. 6, 2014) ("[C]omplete diversity may exist in cases with aliens on both sides of the litigation under section 1332(a)(3) so long as there are 'citizens of [the] United States on both sides who satisfy diversity requirements.'") (citation omitted).

12.  By Plaintiff Alvarez's own admission, he is a citizen of the United Mexican States. Compl. ¶ 11. Plaintiff Alvarez's allegation that he "resides[] part time" in San Diego, California (Compl. ¶ 11) is not relevant for purposes of determining diversity jurisdiction. "[T]he diversity jurisdiction statute, 28 U.S.C. § 1332, speaks of citizenship, not of residency. To be a citizen of a state, a natural person must first be a citizen of the United States." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) (citations omitted).

13.  By Plaintiff SA Holiday, Inc.'s own admission, it is a Nevada Corporation with its principal place of business in the State of Nevada. Compl.

¶ 12.  Thus, it is a citizen of the State of Nevada.  28 U.S.C. § 1332(c)(1) ("a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business").

14.  Defendant DAZN North America Inc. is a Delaware Corporation with its principal place of business in the State of New York.  Compl. ¶ 13.  Therefore, it is a citizen of the states of Delaware and New York.

15.  Removing Defendant, DAZN Media Inc., is a New York Corporation with its principal place of business in the State of New York.  Compl. ¶ 14.  Therefore, it is a citizen of the State of New York.

16.  Defendant DAZN US LLC is a Delaware Limited Liability Company, and its sole member is Defendant Perform Investment Limited.  Compl. ¶ 15.  Perform Investment Limited is a corporation organized under the laws of the United Kingdom .  Compl. ¶ 16.  Therefore, DAZN US LLC is a citizen of the United Kingdom.  *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) ("an LLC is a citizen of every state of which its owners/members are citizens").

17.  Defendant Perform Investment Limited is a corporation organized under the laws of the United Kingdom with its principal place of business in the United Kingdom.  Compl. ¶ 16.  Therefore, it is a citizen of the United Kingdom.

18.  On information and belief, Defendant Golden Boy Promotions, LLC, is a Delaware Limited Liability Company.  Compl. ¶ 17.  Based on Statements of Information filed with the California Secretary of State, the Removing Defendant is informed and believes that Golden Boy Promotions, LLC's sole member is Golden Boy Boxing LLC, a Delaware Limited Liability Company.  Compl. ¶ 17.  Based on Statements of Information filed with the California Secretary of State, the Removing Defendant is informed and believes that Golden Boy Boxing LLC's sole member is Golden Boy Boxing Holdings, LLC, a Delaware Limited Liability Company.

Compl. ¶ 17.  Based on Statements of Information filed with the California Secretary of State, and other lawsuits in which Golden Boy Promotions, LLC was a party, the Removing Defendant is informed and believes that Golden Boy Boxing Holdings, LLC's members are Defendant Oscar De La Hoya, and Bernard Hopkins, citizens of the State of California and the State of Delaware, respectively.  Compl. ¶ 17.  Therefore, Defendant Golden Boy Promotions, LLC is a citizen of California and of Delaware.

19. Plaintiffs are informed and believe that Defendant Golden Boy Promotions, Inc. is a California Corporation with its principal place of business in Los Angles, California.  Compl. ¶ 18.  Therefore, it is a citizen of the State of California.

20. Plaintiffs are informed and believe that Defendant Oscar De La Hoya is domiciled in the State of California. Compl. ¶ 19.

21. Although potential "DOE" defendants are named in the Complaint, the citizenship of defendants sued under fictitious names is by law disregarded for purposes of removal.  28 U.S.C. § 1441(b)(1).

22. In conclusion, none of the Plaintiffs have the same citizenship as any of the Defendants, and though citizens of foreign states are on both sides of the controversy, there are also citizens of the United States on both sides.  Therefore, diversity of citizenship pursuant to 28 U.S.C. § 1332(a) is satisfied.

**B.      The Matter in Controversy Exceeds the Sum or Value of $75,000**

23. This action also satisfies the amount in controversy requirement under 28 U.S.C. § 1332(a), because Plaintiffs seek $280 million in compensatory damages for, *inter alia*, "denied guaranteed payments, lost gate revenue, and opportunities for ancillary revenue associated with bouts, such as sponsorships and apparel revenue[.]"  Compl. at 22.  Thus, the "matter in controversy" is well over $75,000 and satisfies 28 U.S.C. § 1332(a).  In measuring the amount in controversy, a court must assume that the allegations of the Complaint are true and that a jury will return

a verdict for Plaintiffs on all claims made in the Complaint. *See Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002). Because both the amount in controversy and diversity prongs of 28 U.S.C. § 1332(a) are satisfied, this Court has original jurisdiction over this action.

**C.     Service Has Not Been Completed on any of the Forum Defendants**

24.    Removal is permitted by 28 U.S.C. § 1441(b)(2), where, as here, the forum Defendants have not been "properly joined and served" as of the time of this Removal Notice. *See Colo. Seasons, Inc. v. Friedenthal*, No. LA CV19-09050 JAK (FFMx), 2020 U.S. Dist. LEXIS 84645, at *11 (C.D. Cal. May 13, 2020) (forum defendant rule does not apply where forum defendant has not been served); *see also Jacob v. Mentor Worldwide, LLC*, 393 F. Supp. 3d 912, 920-21 (C.D. Cal. 2019) (same).  Therefore, removal is permitted despite the presence of forum Defendants in the action.

WHEREFORE, the action filed in the Superior Court is removed to this Court, no further proceeding shall be had in the Superior Court.

DATED:  October 8, 2020            FRANKFURT KURNIT KLEIN + SELZ PC


By:    /s/ *Tiffany R. Caterina*
Joseph R. Taylor
Tiffany R. Caterina

*Attorneys for Defendant DAZN Media Inc.*