**THE MALONEY FIRM, APC**
GREGORY M. SMITH - **State Bar No. 259971**
PATRICK M. MALONEY - **State Bar No. 197844**
2381 Rosecrans Avenue, Suite 405
El Segundo, California 90245
T: (310) 540-1505 │ F: (310) 540-1507
E: gsmith@maloneyfirm.com
E: pmaloney@maloneyfirm.com

Attorneys for Plaintiffs, SANTOS SAUL ALVAREZ BARRAGAN and SA HOLIDAY, INC.

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANTOS SAUL ALVAREZ BARRAGAN; SA HOLIDAY, INC., <br><br> Plaintiffs, <br><br> v. <br><br> DAZN NORTH AMERICA INC.; DAZN MEDIA INC.; DAZN US LLC; PERFORM INVESTMENT LIMITED; GOLDEN BOY PROMOTIONS, LLC; GOLDEN BOY PROMOTIONS, INC.; OSCAR DE LA HOYA; AND DOES 1-25, <br><br> Defendants, | Case No.: 2:20-cv-09277-FMO-JPR <br><br> **AMENDED NOTICE OF RELATED CIVIL CASES** <br><br> **[L.R. 83-1.2.1]** |

Pursuant to Central District of California Local Rule 83-1.2.1 et seq. Plaintiffs SANTOS SAUL ALVAREZ BARRAGAN and SA HOLIDAY, INC. (collectively "Alvarez" or "Canelo"), hereby provide notice that this action, as removed from Los Angeles Superior Court, is effectively a refiling of *Alvarez et al. v. DAZN North America Inc., et al.* (USDC CDCA Case No.: 2:20-cv-08226-PA-AS), and hereby request reassignment of this case to the Honorable Percy Anderson.

## I. PROCEDURAL HISTORY

On September 8, 2020, Alvarez filed an action, for breach of contract and other causes, against Defendants GOLDEN BOY PROMOTIONS, LLC, GOLDEN BOY PROMOTIONS, INC., OSCAR DE LA HOYA, DAZN NORTH AMERICA INC., DAZN MEDIA INC., DAZN US LLC, and PERFORM INVESTMENT LIMITED (collectively "Defendants") in this Court. That matter was assigned to Hon. Judge Percy Anderson as case number 2:20-cv-08226-PA-AS (the "Primary Action"). On September 11, 2020, Judge Anderson issued a minute order dismissing the action, without prejudice, for lack of subject matter jurisdiction. That Order granted Alvarez leave to amend until September 28, 2020.

Thereafter, Plaintiffs gained further information regarding the citizenship of various defendants, specifically, DAZN US LLC and PERFORM INVESTMENT LIMITED that led them to believe they could not allege facts giving rise to diversity jurisdiction. On September 28, 2020, Alvarez filed a similar case, with the same causes of action arising from the same facts, against Defendants in the Superior Court for the State of California for the County of Los Angeles as case number 20STCV37151 ("LASC Action").

On October 8, 2020, DAZN MEDIA INC. removed the LASC Action back to this Court as case number 2:20-cv-09277 (the "Secondary Action"). The removed case was assigned to Hon. Judge Fernando M. Olguin.

The issues raised in all three *Alvarez et al. v. DAZN North America Inc.* cases (2:20-cv-08226-PA-AS, the LASC Action, and 2:20-cv-09277) are essentially identical as there are only minor differences between the complaint in Primary Action and the complaint in the LASC action. The complaints include the same parties, causes of action, and essentially the same factual allegations.

## II. NATURE OF RELATIONSHIP AMONG AND BETWEEN THE ACTIONS

The Primary Action and the Secondary Action are substantially the same and,

thus, related cases. The Secondary Action would benefit from transfer to the Hon. Judge Anderson.

### 1. Legal Standard for Deeming Cases Related

The District's related case rule provides, in relevant part, as follows:

"It shall be the responsibility of the parties to promptly file a Notice of Related Cases whenever two or more cases filed in this District: (a) arise from the same or a closely related transaction, happening, or event; (b) call for determination of the same or substantially related or similar questions of law and fact; or (c) for other reasons would entail substantial duplication of labor if heard by different judges. . . . The Notice of Related Cases must include a brief factual statement that explains how the cases in question are related under the foregoing factors. All facts that appear relevant to such a determination must be set forth. The Notice must be filed at the time any case (including a notice of removal or bankruptcy appeal) appearing to relate to another is filed, or as soon thereafter as it reasonably should appear that the case relates to another. The Notice must be served on all parties who have appeared in the case and concurrently with service of the complaint." L.R. 83-1.3.1.

"Whenever a party files a Notice of Related Civil Cases, the Clerk will prepare a proposed order to transfer the later-filed case to the judge currently assigned the earliest filed case." General Order No. 19-03, II.I.2 Transfer.

### 2. The Related Cases Filed By Alvarez and Pending Before this Court Should be Transferred to the Hon. Judge Anderson

The Secondary Action is related to the Primary Action, which is before the Hon. Judge Percy Anderson. Both the Secondary Action (a removal from the LASC Action) and the Primary Action involve nine of the ten same causes of action, with the Secondary Action having one fewer cause of action than the Primary Action, asserted by the same Plaintiffs, Alvarez, against the same Defendants, and arising out of the

exact same set of facts. In particular, both actions involve Alvarez alleging breach of contract and other related causes of action against Defendants for their repudiations of certain personal service contracts. As such, the Primary Action and Secondary Action arise from the same transaction and call for determination of the same or substantially related questions of law and fact.

Assuming that either action proceeds beyond the pleadings stage, in both cases, the parties' respective rights and obligations under the agreements and Alvarez's damages will be at issue and will be determinative. Accordingly, there will almost certainly be complete overlap in discovery, motion practices, and trials in the Primary Action and Secondary Action. The parties would benefit from consistent rulings before the Court.

Failure to make this a related case and have both cases heard by the Hon. Judge Anderson would create inefficiencies from the standpoint of judicial economy and would increase the risk of inconsistent adjudications. In contrast, if heard both heard by the Hon. Judge Anderson, only one court would have to review evidence, hear motions, and conduct trial. If the same court does not hear both cases, there is a risk that the Alvarez or Defendants will be deemed to have certain rights and obligations in one matter and without those rights and obligations in the other.

For all of the foregoing reasons, it appears that the Secondary Action would benefit from a related case transfer. Alvarez prays that this Court move this case to the Hon. Judge Percy Anderson, the court of the related case, pursuant to L.R. 83-1.3.1 and General Order No. 19-03, II.I.2 Transfer.

Dated: October 13, 2020                    THE MALONEY FIRM LLP

By: __/s/ Gregory M. Smith__
Gregory M. Smith
Patrick M. Maloney
Attorneys for Plaintiffs, SANTOS SAUL ALVAREZ BARRAGAN AND SA HOLIDAY, INC.