RICARDO P. CESTERO (SBN 203230)
RCestero@ggfirm.com
GREENBERG GLUSKER FIELDS CLAMAN &
MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067
Telephone: 310.553.3610
Fax: 310.553.0687

Attorneys for Defendants
GOLDEN BOY PROMOTIONS, LLC, GOLDEN
BOY PROMOTIONS, INC. and OSCAR DE LA
HOYA

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANTOS SAUL ALVAREZ BARRAGAN; SA HOLIDAY, INC., <br><br> Plaintiffs, <br><br> v. <br><br> DAZN NORTH AMERICA INC.; DAZN MEDIA INC.; DAZN US LLC; PERFORM INVESTMENT LIMITED; GOLDEN BOY PROMOTIONS, LLC; GOLDEN BOY PROMOTIONS, INC.; OSCAR DE LA HOYA; AND DOES 1-25, <br><br> Defendants. | Case No.  CV 20-9277 PA (ASx) <br><br> **GOLDEN BOY'S STATEMENT REGARDING ARBITRATION** |

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

1   Pursuant to the Court's October 16, 2020 Order, Defendants Golden Boy
2   Promotions, LLC, Golden Boy Promotions, Inc. and Oscar De La Hoya
3   (collectively, "Golden Boy"), hereby submit the following Statement Regarding
4   Arbitration.
5
6   ## I.  <u>INTRODUCTION</u>
7   Golden Boy contends that all of the claims pleaded by Plaintiffs Santos Saul
8   Alvarez Barragan and SA Holiday, Inc. (collectively, "Plaintiffs") against Golden
9   Boy must be arbitrated pursuant to the terms of paragraph 14.c of the Promotional
10  Contract dated as of October 10, 2018 between Golden Boy and Plaintiffs (the
11  "Promotional Contract").[1]  Plaintiffs and Golden Boy are parties to the Promotional
12  Contract.  The arbitration clause in that agreement is broad, covering "[a]ny claim,
13  controversy or dispute arising out of or related to this agreement…."  Because each
14  of Plaintiffs' claims against Golden Boy arise directly out of the rights and
15  obligations contained within the Promotional Contract, Golden Boy is entitled to
16  have all such claims resolved through binding arbitration.  Accordingly, Golden
17  Boy intends to seek to enforce its right to arbitration pursuant to the Promotional
18  Contract and to stay or dismiss this action to allow the arbitration to proceed.
19
20  ## II.  <u>RELEVANT FACTS</u>
21  Plaintiffs and Golden Boy are parties to the Promotional Contract.  *See*
22  Complaint (DKT 1-1), ¶ 31.  The Promotional Contract contains a provision
23  requiring that "[a]ny claim, controversy or dispute arising out of or related to this
24  agreement shall be resolved by binding arbitration…."  Promotional Contract, ¶
25  14.c.
26  Plaintiffs originally filed this action in federal court on September 8, 2020.
27
28  ---
[1]  Pursuant to the Court's October 16, 2020 Order, the Promotional Contract is being submitted under seal by DAZN Media, Inc.

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

*See*, *Alvarez, et al. v. DAZN North America, Inc., et al.*, CACD Case No. 20-cv-8226-PA (ASx). After the Court dismissed that complaint for failure to properly plead diversity jurisdiction, Plaintiffs filed a new lawsuit in California state court, seeking the same relief. DKT 1, ¶ 1. On October 8, 2020, Defendant DAZN Media, Inc. removed the action before any defendant had been served. *Id.*

Plaintiffs allege five causes of action against Golden Boy: (1) breach of contract; (2) breach of the covenant of good faith and fair dealing; (3) fraud; (4) breach of fiduciary duty; and (5) declaratory relief. *See* Complaint (DKT 1-1). Plaintiffs' claims for breach of contract and breach of the covenant of good faith and fair dealing are each explicitly based on an alleged breach of Golden Boy's obligations under the Promotional Contract – referred to as the "Alvarez Contract" in the Complaint. DKT 1-1, ¶¶ 68-80. Plaintiffs' fraud claim incorporates the breach of contract allegations and further alleges that Golden Boy concealed material information regarding the terms of the Promotional Contract. *Id.* at ¶¶ 107-111. Plaintiffs' breach of fiduciary duty claim specifically alleges that the Promotional Contract supposedly gives rise to fiduciary obligations on the part of Golden Boy. *Id.* at ¶ 118. Finally, Plaintiffs' declaratory relief cause of action alleges that an actual controversy exists regarding the parties' rights and obligations under the Promotional Contract and seeks a declaration that, notwithstanding the exclusive rights granted by the Promotional Contract, Alvarez is free to participate in boxing matches other than those promoted by Golden Boy. *Id.* at ¶¶ 126-127.

## III.  <u>ARGUMENT</u>

The subject matter of the Promotional Contract – the promotion of major boxing events – affects interstate commerce. DKT 1, ¶ 9. Fans from across the country and the world travel to attend these events in person and the events are broadcast live throughout the world pursuant to various license agreements with broadcasters throughout the world. Further, the parties to the Promotional Contract

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

1  are citizens of California, Nevada and Mexico.  DKT 1-1, ¶¶ 10-11, 17-19.

2  Accordingly, the Promotional Contract is governed by the Federal Arbitration Act

3  ("FAA").  *See* 9 U.S.C. § 2.

4      Pursuant to the FAA, arbitration clauses in written agreements are

5  enforceable.  *Id*.  As the Supreme Court has declared, the "unmistakably clear

6  congressional purpose" behind the FAA is to ensure that "the arbitration procedure,

7  when selected by the parties to a contract, be speedy and not subject to delay and

8  obstruction in the courts." *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388

9  U.S. 395, 404, 18 L.Ed.2d 1270 (1967); *see AT&T Mobility LLC v. Concepcion*,

10  563 U.S. 333, 345, 179 L.Ed.2d 742 (2011) ("[O]ur cases place it beyond dispute

11  that the FAA was designed to promote arbitration."); *Dean Witter Reynolds, Inc. v.*

12  *Byrd*, 470 U.S. 213, 221, 84 L.Ed.2d 158 (1985) (emphasizing that courts must

13  "rigorously enforce agreements to arbitrate").  "The Arbitration Act establishes

14  that, as a matter of federal law, any doubts concerning the scope of arbitrable issues

15  should be resolved in favor of arbitration." *Moses H. Cone Mem'l Hosp. v.*

16  *Mercury Constr. Corp.*, 460 U.S. 1, 24-25, 74 L. Ed. 2d 765 (1983).

17      Under the FAA, the court must compel arbitration where, as here, (1) a valid

18  agreement to arbitrate exists and (2) the dispute falls within the scope of that

19  agreement.  *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th

20  Cir. 2000); 9 U.S.C. § 4.  Here, there is no dispute that the Promotional Contract,

21  which contains the arbitration clause, is valid and enforceable.  Indeed, all of

22  Plaintiffs' claims depend entirely on the validity of that agreement.  DKT 1-1, ¶¶

23  68-80, 107-111, 118, 126-127.  There also can be no dispute that the claims pleaded

24  against Golden Boy "aris[e] out of and relat[e] to" the Promotional Contract.  Each

25  claim specifically alleges duties and obligations arising directly out of that

26  agreement.

27      As the court observed in *Cincinnati Gas & Elec. Co. v. Benjamin F. Shaw*

28  *Co.*, 706 F.2d 155, 160 (6th Cir. 1983), an arbitration clause requiring arbitration of

any dispute "arising out of" an agreement is "extremely broad." *See also Battaglia v. McKendry*, 233 F.3d 720, 727 (3d Cir. 2000) ("[W]hen phrases such as 'arising under' and 'arising out of' appear in arbitration provisions, they are normally given broad construction.").  Indeed, the phrase "arising out of" in an arbitration clause has been held to reach "all disputes having their origin or genesis in the contract, whether or not they implicate interpretation or performance of the contract per se." *Sweet Dreams Unlimited v. Dial–A–Mattress Intern.*, 1 F.3d 639, 642 (7th Cir.1993).  "In fact, any dispute between contracting parties that is in any way connected with their contract could be said to 'arise out of' their agreement and thus be subject to arbitration under a provision employing this language.  At the very least, an 'arising out of' arbitration clause would arguably cover such disputes, and, under our cases, this is all that is needed to trigger arbitration." *Id.*  Here, there can be little dispute that Plaintiffs' claims arise out of and relate to the Promotional Contract.

Notwithstanding the breadth of the arbitration clause in the Promotional Contract, Plaintiffs have suggested that certain claims pleaded in the Complaint are not subject to arbitration under the Promotional Contract.  The only claim Plaintiffs have specifically identified is the Ninth Cause of Action for declaratory relief.  However, that claim specifically alleges that "[a]n actual controversy has arisen and now exists between the parties regarding their rights and obligations under the [Promotional Contract]." DKT 1-1, ¶ 126.  Further, Plaintiffs explicitly seek a declaration that Alvarez is free from the exclusivity obligations contained within the Promotional Contract. *Id.*, ¶¶ 127-128.  Accordingly, this claim indisputably arises under and relates to the Promotional Contract.

More to the point, even if Plaintiffs were correct that certain claims fall outside the scope of the arbitration clause in the Promotional Contract (they are not), the Court must still compel arbitration of the claims which indisputably fall within the provision, such as the breach of contract claims. *See*

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

*Cocchi*, 565 U.S. 18, 22, 132 S. Ct. 23, 26, 181 L. Ed. 2d 323 (2011) ("when a complaint contains both arbitrable and nonarbitrable claims, the Act requires courts to 'compel arbitration of pendent arbitrable claims when one of the parties files a motion to compel, even where the result would be the possibly inefficient maintenance of separate proceedings in different forums.'") citing *Dean Witter*, 470 U.S. at 217.  Accordingly, the fact that certain claims in the Complaint indisputably fall within the arbitration clause means the Court shall compel arbitration.

Plaintiffs have also suggested that they intend to argue that the Court should not enforce the arbitration clause in the Promotional Contract because they have pleaded claims against parties other than Golden Boy arising out of a different contract which contains a different arbitration clause.  However, the FAA contains no exception to enforcement of an arbitration clause for cases in which there may be overlapping factual and legal questions against non-parties to the arbitration agreement.  *See Dean Witter Reynolds, Inc.*, 470 U.S. at 221 (1985); *Reliance Ins. Co. v. Raybestos Prod. Co.*, 382 F.3d 676, 679 (7th Cir. 2004) ("At its core, Raybestos's argument is that it is unfair to force it to litigate and to arbitrate the same legal and factual issues with different parties.  The short answer to this is that the Federal Arbitration Act (FAA) makes no exception to the enforceability of arbitration clauses when this type of inefficiency exists.").

Further, even if such an exception existed, it would not be applicable here. Plaintiffs claim that Defendants DAZN Media Inc., DAZN North America, Inc., DAZN US, LLC and Perform Investment Limited (collectively, "DAZN") have breached their obligation to pay Golden Boy a license fee for an Alvarez event in 2020.  On the other hand, Plaintiffs claim that Golden Boy has failed to fulfill its alleged obligation to pay Alvarez a required fee regardless of DAZN's actions.  In this way, Plaintiffs have alleged that Golden Boy's obligations are separate and independent of DAZN's obligations.  Moreover, the terms of the Promotional Contract and the agreement between DAZN and Golden Boy (the "DAZN

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

Agreement") are different and give rise to independent claims and defenses.  By way of example, the Promotional Contract contains a broad force majeure provision, which excuses Golden Boy's performance under the Promotional Contract during the global pandemic.  Pursuant to that provision, if Golden Boy's performance is "prevented or materially impeded" by an event of force majeure or "other reason beyond Promoter's reasonable control," Golden Boy has the right to terminate or extend the term of the Promotional Contract.  The DAZN Agreement does not contain a similar provision.  Accordingly, the claims and defenses to be litigated as against Golden Boy are different from the claims and defenses to be litigated as against the DAZN Defendants.

In short, Plaintiffs can identify no legitimate basis on which to refuse to submit its claims against Golden Boy to arbitration.

## IV.   CONCLUSION

For all the foregoing reasons, Golden Boy intends to enforce its right to arbitration pursuant to paragraph 14.c of the Promotional Contract.

DATED:  October 26, 2020

GREENBERG GLUSKER FIELDS
CLAMAN & MACHTINGER LLP

By: _____
RICARDO P. CESTERO (SBN 203230)
Attorneys for Defendants GOLDEN
BOY PROMOTIONS, LLC, GOLDEN
BOY PROMOTIONS, INC. and OSCAR
DE LA HOYA

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067